UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH J. HAPPY,

                    Petitioner,

                                                              **DECISION and ORDER**
          -v-                                                 04-CR-85S
                                                              05-CV-306S

UNITED STATES OF AMERICA,

                    Respondent.


          1.       Currently before this Court is Petitioner Kenneth J. Happy's Motion to Vacate,

Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

          2.       On May 10, 2004, Petitioner pled guilty, pursuant to a written plea

agreement, to a one-count felony Information charging him with Interstate Transportation

with Intent to Engage in Criminal Sexual Activity with a Minor in violation of Title 18, United

States Code, Section 2324(b).

          3.       In pertinent part, the plea agreement sets forth the parties' understanding

that Petitioner would be sentenced to a term of imprisonment between 57 and 71 months

or a term of imprisonment between 46 and 57 months.  (Plea Agree., ¶ 14).  In paragraph

20 of the plea agreement, Petitioner waived his right to appeal or collaterally attack any

sentence that was within or below the anticipated guidelines range of 57 to 71 months.

(Plea Agree., ¶ 20).

          4.       On September 10, 2004, this Court imposed a 57-month sentence with the

recommendation that the Bureau of Prisons designate Mr. Happy to the Intensive

Confinement Center Program, also known as Shock Incarceration or Boot Camp.  In

making its recommendation, the Court cautioned Petitioner, "[n]ow, I can't guarantee that [the Intensive Confinement Center Program] will be made available to you." (Sentencing Trans., p. 18).  Petitioner did not file a direct appeal.

5.      On or about January 14, 2005, the Bureau of Prisons abolished the Intensive Confinement Center Program, effective immediately.  (Schechter Aff., Ex. A).  Petitioner filed the instant Motion seeking to vacate, set aside or correct his sentence on April 28, 2005.[1]  In support of his Motion, Petitioner argues that his sentence has been rendered invalid by the abrupt elimination of the Intensive Confinement Center Program.

6.      Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct a sentence that was imposed in violation of Constitution or laws of the United States or "is otherwise subject to collateral attack."  See 28 U.S.C. § 2255.  Petitioner argues that his sentence is ripe for collateral attack because this Court imposed it based on the "material false assumption" that he would be eligible for participation in the Intensive Confinement Center Program.  Citing to United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970), Petitioner argues that this Court has authority under 28 U.S.C. § 2255 to resentence him under these circumstances.

In Malcolm, the Second Circuit vacated a defendant's sentence upon a finding that the sentencing judge was "confused, if not altogether mistaken, about [the defendant's] prior criminal record."  Id. at 816.  In doing so, the Malcolm court reasoned that:

> [m]isinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false assumptions as to any facts relevant

---

[1]      In support of his Motion, Petitioner filed an Attorney Affirmation with exhibits.  The government filed an Answer and Memorandum with exhibits in opposition to the Motion.

> to sentencing, renders the entire sentencing procedure invalid as a violation
> of due process.

Id. at 816 (internal citations omitted).  Nonetheless, the Malcolm court acknowledged, "[n]ot every defect in the sentencing process . . . is of constitutional dimension."  The court was clear to emphasize that a sentencing judge "may exercise a wide discretion in the sources and types of information used to assist to him in determining an appropriate, just and enlightened sentence."  Id. (internal citations omitted).

7.    This Court finds that Petitioner is not entitled to the relief he seeks.  As an initial matter, the record is clear that Petitioner waived his right to appeal or collaterally attack any sentence which fell within the highest stipulated guidelines range, to wit, between 57 and 71 months.  This waiver was not contingent in any way upon his eligibility for the Intensive Confinement Center Program.  Because Petitioner's imposed sentence, 57 months, falls within that range, he is bound by the unambiguous terms of his waiver.  Even if Petitioner had not explicitly waived his right to collaterally attack his sentence, the waiver of his right to appeal his sentence precludes him from challenging it through the instant petition.  See United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).  Courts have long enforced waivers of the right to directly appeal or collaterally attack a sentence even when the grounds for the appeal or attack arise after the entry of a plea.  See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001).

Secondly, in sentencing Petitioner, this Court did not assume that the Intensive Confinement Center Program would be made available to him.  To the contrary,  Petitioner was explicitly cautioned that there was no guarantee that he would qualify or be accepted into the program.  As such, Petitioner's sentence was not predicated on any "material false

assumption" related to the continued availability of Shock Incarceration.   The recommendation that Petitioner be designated to the Intensive Confinement Center Program was simply that, a recommendation.   With respect to such sentencing recommendations, "it is settled law that it is within the discretion of the Bureau of Prisons, and not the court, as to whether a prisoner is admitted to [the Intensive Confinement Center Program]" or given drug and psychiatric treatment.  <u>Rickenbacker v. United States</u>, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005) (analyzing a petitioner's Bureau of Prisons claim under 28 U.S.C. § 2241).   As Petitioner's sentence was not contingent upon his participation in the Intensive Confinement Center Program, his sentence is not rendered invalid by the elimination of that program.

8.      In any case, this Court maintains that 57 months is a just and fair sentence that is sufficient, but not greater than necessary to reflect the seriousness of Petitioner's offense and to afford adequate deterrence, among other things.  <u>See</u> 18 U.S.C. § 3553. This reasoning is unaltered by the Bureau of Prisons' decision to terminate the Intensive Confinement Center Program, thereby eliminating it as an option for Petitioner.

9.      For the foregoing reasons, Petitioner's request for an order vacating his sentence will be denied.

10.      Petitioner has requested an order assigning the Federal Public Defender's Office for purposes of this Motion.  This Court is prepared to enter such order *nunc pro tunc* provided that the Assistant Federal Defender submits the requisite documents in support of its appointment.

IT HEREBY IS ORDERED that Petitioner's Motion to Set Aside his Sentence (Docket No. 34) is DENIED.


FURTHER, that the Federal Public Defender's Office shall file any documents in support of its appointment on or before Friday, July 1, 2005.


SO ORDERED.


Dated:       June 24, 2005
             Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge